UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JB WHITELOW,

    Petitioner,

        v.                                   CAUSE NO. 3:18-CV-198-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

On October 15, 2020, this Court reopened the time for JB Whitelow to file an appeal pursuant to Federal Rule of Appellate Procedures 4(a)(6). Whitelow was cautioned that his appeal must be filed within fourteen days of the date of this order. That deadline passed without a notice of appeal being received by the court. However, Whitelow filed a motion (ECF 24) dated October 28, 2020, and received by the court November 10, 2020, asking for a twenty-one-day extension of time to file his appeal. He indicates that the motion was sent to the Clerk by way of the United States Postal Service on October 28, 2020. If the motion was placed in the mail on October 28, 2020, then it is deemed filed that day. "A notice of appeal filed by a prisoner is deemed filed on the date the prisoner deposits the notice in the prison mail system, and not on the date when it is received by the clerk of the court." *Ingram v. Jones*, 507 F.3d 640, 643 (7th Cir. 2007), *as amended* (Dec. 7, 2007).

Whitelow filed another motion (ECF 23) asking to extend the deadline by sixty days. The certificate of service on this motion is dated October 30, 2020, although it was

not submitted electronically to the court by prison staff until November 4, 2020. In this motion, Whitelow indicates that he placed a "template notice of appeal" in the mail on October 27, 2020. It is unclear if the document that Whitelow is referencing was never received by the court or if there is a minor date discrepancy and the document he is referencing might be his motion dated October 28, 2018. If it is not a reference to the motion dated October 28, 2018, then it makes little sense why, on October 28, 2018, Whitelow would ask for additional time to file a notice of appeal when he had just submitted his notice of appeal the preceding day. He couldn't have known on October 28, 2020, that a Notice of Appeal mailed the preceding day would never reach the court.

What is clear is that the fourteen-day time limit for Whitelow to initiate his appeal is set by statute, *see* 28 U.S.C. 2107(c), and it is therefore both mandatory and jurisdictional. *See Hamer v. Neighborhood Housing Services of Chicago*, --- U.S. ----, 138 S. Ct. 13, 199 L.Ed.2d 249 (2017); *Bowles v. Russell*, 551 U.S. 205 (2007); *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 430 (7th Cir. 2019) (quoting *Hamer*, the court noted that "[a]fter *Bowles* and *Hamer*, the controlling legal standard is clear: 'If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional; otherwise, the time specification fits within the claim-processing category.'"). Thus, the Court does not have the authority to further extend the deadline for Whitelow to appeal. However, because Whitelow makes his intention to appeal clear, his motion dated October 28, 2020 (ECF 24), will be construed as a notice of appeal.

2

For these reasons, to the extent that Whitelow seeks additional time to file a notice of appeal, his motions (ECF 23; ECF 24) are DENIED. His motion dated October 28, 2020 (ECF 24), however, is CONSTRUED as a Notice of Appeal, and the Clerk is directed to separately docket the motion as a Notice of Appeal.

SO ORDERED on November 30, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT